# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| OSCAR PEREZ-MARQUEZ,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>JO GENTRY, et al.,<br><br>　　　　　Respondents. | Case No. 2:17-cv-01501-RFB-BNW<br><br>**ORDER** |

　　　　Petitioner has filed a counseled Second Amended Petition (ECF No. 68). Respondents will need to respond to it.

　　　　Petitioner also has filed a proper-person Ex Parte Motion for Appointment of Counsel (ECF No. 53), two proper-person Motions to Withdraw Counsel (ECF Nos. 64, 70), a proper-person Petition for Expeditious Judicial Examination (ECF No. 69), a proper-person Ex Parte Motion for Appointment of Stand-By Counsel or Special Appointment of Counsel (ECF No. 71), a proper-person Renewed Request for Change of Counsel (ECF No. 72), and a proper-person Motion for Judicial Notice and/or Motion to Strike (ECF No. 73). Petitioner cannot file proper-person documents in this action because counsel represents him. D. Nev. Civ. R. IA 11-6(a). If petitioner wishes to have alternative counsel appointed to represent him, then he needs to make that request through current counsel.

IT THEREFORE IS ORDERED that the Clerk of Court shall **STRIKE** the Ex Parte Motion for Appointment of Counsel (ECF No. 53), the Motions to Withdraw Counsel (ECF Nos. 64, 70), the Petition for Expeditious Judicial Examination (ECF No. 69), the Ex Parte Motion for Appointment of Stand-By Counsel or Special Appointment of Counsel (ECF No. 71), the Renewed Request for Change of Counsel (ECF No. 72), and the Motion for Judicial Notice and/or Motion to Strike (ECF No. 73).

IT FURTHER IS ORDERED that Respondents shall file a response to the Second Amended Petition, including potentially by Motion to Dismiss, within sixty (60) days of service of the Second Amended petition and that Petitioner may file a reply within thirty (30) days of service of an Answer.  The response and reply time to any motion filed by either party, including a motion filed in lieu of a pleading, shall be governed instead by Local Rule 7-2(b).

IT FURTHER IS ORDERED that any procedural defenses raised by Respondents to the counseled Second Amended Petition shall be raised together in a single consolidated Motion to Dismiss.  In other words, the Court does not wish to address any procedural defenses raised herein either in serial fashion in multiple successive Motions to Dismiss or embedded in the Answer.  Procedural defenses omitted from such Motion to Dismiss will be subject to potential waiver.  Respondents shall not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit.  If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they shall do so within the single Motion to Dismiss not in the answer; and (b) they shall specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in Cassett v. Stewart, 406 F.3d 614, 623-24 (9th Cir. 2005).  In short, no procedural defenses, including exhaustion, shall be included with the merits in an Answer.  All procedural defenses, including exhaustion, instead must be raised by Motion to Dismiss.

///
///
///
///

1   IT FURTHER IS ORDERED that, in any Answer filed on the merits, Respondents shall
2 specifically cite to and address the applicable state court written decision and state court record
3 materials, if any, regarding each claim within the response as to that claim.
4   DATED: May 27, 2020.

_____
RICHARD F. BOULWARE, II
United States District Judge

3